# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 4, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**KATHY TACKETT,**
**Claimant Below, Petitioner**

**vs.)   No. 14-0508** (BOR Appeal No. 2048931)
                        (Claim No. 2012035478)

**BOONE COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kathy Tackett, by Wendle D. Cook, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The Boone County Board of Education, by Jillian L. Moore, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 29, 2014, in which the Board affirmed an October 15, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 11, 2012, decision closing the claim for temporary total disability benefits.[1] The Office of Judges also affirmed the claims administrator's November 12, 2012, decision, which denied authorization for a referral to an orthopedist, a referral to a neurosurgeon, and an MRI of both knees and the left shoulder. Finally, the Office of Judges affirmed the claims administrator's September 6, 2012, decision denying authorization for a lumbar spine MRI. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

---

[1] On appeal, Ms. Tackett has not requested a reversal of the claims administrator's December 11, 2012, decision or presented arguments that she is entitled to additional temporary total disability benefits.

1

Ms. Tackett worked as a teacher's aide for the Boone County Board of Education. On May 7, 2012, she slipped on a wet floor and fell to her knees. She also injured her left elbow when she tried to break her fall. She was initially treated at the Boone Memorial Rural Health Clinic, and x-rays taken at the time showed no acute fracture or dislocation of either knee or her forearm. However, the x-ray of her left elbow revealed a hairline fracture of the proximal ulna. Ms. Tackett continued to work until the end of the school year on May 31, 2012. At that time, Ms. Tackett came under the care of Leandro Galang, M.D. He treated her compensable injury conservatively, primarily with physical therapy, and he noted that both knees appeared to be improving. Ms. Tackett returned to work for the Boone County Board of Education at the beginning of the next school year, but after a few days she went to the emergency room for increased lower back pain. An MRI was taken of her lower back based on her complaints, and it revealed multilevel degenerative disc bulges. On September 6, 2012, the claims administrator denied authorization for this lumbar MRI. Ms. Tackett then came under the care of Jennifer Hensley, M.D., and a request was made from her office for a referral to an orthopedist for the ulnar fracture, a referral to a neurosurgeon for her drop foot, and an MRI of both knees. Prasadarao B. Mukkamala, M.D., evaluated Ms. Tackett. He found that there was evidence of symptom magnification and she did not make an effort to participate in range of motion testing. Dr. Mukkamala found that Ms. Tackett sustained soft tissue injuries on May 7, 2012, which had completely resolved. He determined that she had reached her maximum degree of medical improvement and did not need any additional treatment or diagnostic testing. On November 12, 2012, the claims administrator denied Dr. Hensley's request for authorization for a referral to an orthopedist, a referral to a neurosurgeon, an MRI of both knees, and an MRI of the left shoulder. On December 11, 2012, the claims administrator also closed the claim for temporary total disability benefits. Dr. Hensley then wrote a letter to the claims administrator stating that Ms. Tackett had not reached her maximum degree of medical improvement. She found that Ms. Tackett's symptom magnification was related to depression and the lack of treatment she had received for her compensable injury up to this point. Dr. Hensley noted that Ms. Tackett's ulnar fracture initially went untreated. Ms. Tackett was also treated by Ronald Chattin, D.O., who noted that she had a moderate degree of osteoarthritis and degenerative joint disease in the knees. On October 15, 2013, the Office of Judges affirmed the claims administrator's September 6, 2012; November 12, 2012; and December 11, 2012, decisions. The Board of Review affirmed the Order of the Office of Judges on April 29, 2014. The Board of Review also denied Ms. Tackett's alternative motion for remand, leading her to appeal.

The Office of Judges concluded that the record did not establish that the requested referral to an orthopedist; referral to a neurosurgeon; or MRIs of her knees, left shoulder, and lumbar spine were related to the compensable injury. The Office of Judges also concluded that Ms. Tackett's ongoing disability was not related to the compensable injury. The Office of Judges based this determination on the evaluation of Dr. Mukkamala. The Office of Judges found that the medical records from Boone Memorial Rural Health Clinic showed that Ms. Tackett had complained of low back pain as far back as 1999. It also noted that the medical evidence in the record indicated that her current lower back complaints were related to multilevel degenerative disc bulges and not the compensable injury. It also noted that the record indicated that her knee complaints were related to osteoarthritis and not the compensable injury. The Office of Judges found no evidence that she needed additional diagnostic testing or treatment in relation to her

2

compensable injury. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges insofar as they denied authorization for a referral to a neurosurgeon; denied authorization for MRIs of Ms. Tackett's knees, lumbar spine, and left shoulder; and closed the claim for temporary total disability benefits. Ms. Tackett has not demonstrated that the requested MRIs or referral to the neurosurgeon are medically related and reasonably required to treat a compensable condition of the claim. There is no evidence in the record that Ms. Tackett injured her lumbar spine as a result of the compensable injury. The record shows that she had degenerative conditions in her lower back and that the requested MRI relates to these non-compensable conditions. Dr. Hensley's request for a referral to a neurosurgeon is related to Ms. Tackett's foot problems, which is not a compensable condition of the claim. Finally, Dr. Hensley did not sufficiently justify Ms. Tackett's need for MRIs of her knees and left shoulder in light of Dr. Mukkamala's finding that she has reached her maximum degree of medical improvement. The evidence in the record also does not demonstrate that she is entitled to continuing temporary total disability benefits, and on appeal, she had not requested that her claim be reopened for these additional benefits.

However, the decision of the Board of Review, insofar as it denied Ms. Tackett's request for authorization for a referral to an orthopedist, is based on a material misstatement or mischaracterization of the evidentiary record. Ms. Tackett has presented sufficient evidence that the referral is medically related and reasonably required to treat her compensable injury. The initial treatment records following the compensable injury demonstrate that Ms. Tackett's elbow and forearm were injured during her fall. The medical records from Boone Memorial Rural Health Clinic and from Dr. Hensley further demonstrate that she suffered a left ulnar fracture during the fall. The treatment request is sufficient to show that Ms. Tackett's ongoing elbow pain and her need for a referral to an orthopedist are related to the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review insofar as it denied authorization for a referral to a neurosurgeon; denied authorization for MRIs of Ms. Tackett's knees, lumbar spine, and left shoulder; and closed the claim for temporary total disability benefits is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. However, the decision of the Board of Review insofar as it denied Ms. Tackett's request for authorization for a referral to an orthopedist is based on a material misstatement and mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed, in part, reversed, in part, and remanded with instructions to authorize a referral to an orthopedist related to Ms. Tackett's left ulnar fracture.

Affirmed, in part, Reversed, in part, and Remanded.

**ISSUED:   March 4, 2015**

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II